UNITED STATES DISTRICT COURT　　　　　　　　　　　　　　　　　JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.　**CV 12-8626-JFW (MRWx)**　　　　　　　　　　　　Date:  October 29, 2012

Title:　　State National Insurance Company -v- Black Tie Valet Systems, LLC., et al.

**PRESENT:**
　　　　HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

　　　Shannon Reilly　　　　　　　　　　　　　　None Present
　　　Courtroom Deputy　　　　　　　　　　　　Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**　　　**ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　　None　　　　　　　　　　　　　　　　　　　　　　None

**PROCEEDINGS (IN CHAMBERS):**　　**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

　　　On October 9, 2012, Plaintiff State National Insurance Company ("Plaintiff") filed a Complaint in this Court against Defendant Black Tie Valet Systems, LLC ("Defendant"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1332(a). However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'"). Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  A limited liability company is a citizen of every state of which its members are citizens.  *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Plaintiff has failed to allege the citizenship of any of Defendant's members.

　　　Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

　　　Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

　　　IT IS SO ORDERED.